Filed 10/5/15  P. v. Mueck CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLA LYNN MUECK,<br><br>    Defendant and Appellant. | C076875<br><br>(Super. Ct. Nos. 09F8785,<br>    10F3000, 12F4988) |

The trial court sentenced defendant Carla Lynn Mueck to an aggregate state prison term of five years four months for various violations, including two felony violations for possession of a controlled substance.

After sentence was imposed but before the judgment was final, the voters enacted Proposition 47, the "Safe Neighborhoods and Schools Act." That legislation reduced the penalties for certain drug offenses to misdemeanors in the absence of prior convictions. It also enacted Penal Code section 1170.18,[1] which allows a "person currently serving a sentence for a conviction" of a felony offense specified in Proposition 47 to file a recall petition in the trial court to request that the offense be resentenced as a misdemeanor.

Defendant now asks that, with regard to her two felony convictions for possession of a controlled substance, we reduce her convictions to misdemeanors and resentence her. She claims the matter is governed by the retroactivity rule set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).[2]

In *People v. Noyan* (2014) 232 Cal.App.4th 657, this court rejected a similar contention. (*Id*. at p. 672 [filed on December 17, 2014, and modified on January 12, 2015, to add, among other things, a part III].) Like in *Noyan*, we conclude that defendant's remedy is to file a petition in the trial court for recall of sentence and resentencing pursuant to section 1170.18. We will affirm the judgment.

BACKGROUND

In case No. 09F8785, defendant pleaded no contest in December 2009 to possession of marijuana for sale (Health & Saf. Code, § 11359 -- count 1). The trial court suspended imposition of sentence and placed defendant on probation for three years.

In case No. 10F3000, defendant pleaded no contest in June 2010 to child endangerment (§ 273a, subd. (a) -- count 1) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a) -- count 2). Defendant also admitted violating

---

[1] Undesignated statutory references are to the Penal Code.

[2] A similar issue arising under Proposition 36 is pending before the California Supreme Court. (*People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275.)

the terms of probation in case No. 09F8785. The trial court suspended imposition of sentence, placed defendant on four years of probation, and revoked and reinstated probation in case No. 09F8785.

During an April 2014 trial in case No. 12F4988, defendant pleaded no contest to misdemeanor child endangerment (§ 273a, subd. (b) -- counts 2 & 3) and a jury convicted her for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a) -- count 1) and misdemeanor possession of an injecting/smoking device (Health & Saf. Code, § 11364.1 -- count 4). The trial court also found that defendant violated the terms of her probation in her prior cases. In June 2014, the trial court denied defendant's motion to reduce her conviction on count 1 to a misdemeanor. (§ 17, subd. (b).)

The trial court sentenced defendant to an aggregate state prison term of five years four months, consisting of the following: in case No. 10F3000, the middle term of four years on count 1 (child abuse) and a concurrent two years on count 2 (possession of a controlled substance); in case No. 09F8785, eight months (one-third the middle term) on count 1 (possession of marijuana for sale); and in case No. 12F4988, eight months (one-third the middle term) on count 1 (possession of a controlled substance), with concurrent sentences on the misdemeanor counts. The trial court awarded defendant 173 days of presentence credit (87 actual days and 86 conduct days) and imposed various fines and fees.

## DISCUSSION

Defendant asks that, with regard to her two felony convictions for possession of a controlled substance, we reduce her convictions to misdemeanors and resentence her. She claims the matter is governed by the retroactivity rule set forth in *Estrada, supra*, 65 Cal.2d 740.

In *People v. Noyan*, *supra*, 232 Cal.App.4th 657, 672, this court rejected a similar contention. Defendant's remedy is to file a petition in the trial court for recall of sentence and resentencing pursuant to section 1170.18.

3

## DISPOSITION

The judgment is affirmed.

/S/
Mauro, J.

We concur:

/S/
Raye, P. J.

/S/
Duarte, J.